IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| REBECCA KENDALL, | ) |
| | ) |
| Plaintiff, | ) |
| | )  Civil Action No. |
| v. | ) |
| | )  JURY TRIAL DEMANDED |
| LOVE'S TRAVEL STOPS & | ) |
| COUNTRY STORES, INC. | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

1.  Plaintiff Rebecca Kendall is an employee of Defendant Love's Travel Stops & Country Stores, Inc. ("Love's" or "Defendant") and she brings this action under the Fair Labor Standards Act ("FLSA") to recover from Defendant's unlawful failure to pay her overtime compensation for all hours worked over 40 in a workweek.

2.  Plaintiff Kendall seeks a declaratory judgment, backpay, liquidated damages, attorney's fees and costs, and other legal and equitable relief available under the FLSA, 29 U.S.C. § 201, *et seq*.

## JURISDICTION AND VENUE

3.  This Court has original jurisdiction over the FLSA claims through 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337(a).

4.  Venue in this District is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Kendall has given her written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) of the FLSA. Such written consent is appended to this Complaint as Exhibit A.

6. Plaintiff Kendall has been employed by Defendant as an inventory management coordinator for Defendant's Grand Junction location (Location #517, located at 748 22 Road, Grand Junction, CO, 81505) since approximately 2015. At all times relevant herein, Plaintiff has been an "employee" of Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

7. Defendant Love's is an Oklahoma corporation headquartered at 10601 N Pennsylvania Ave., Oklahoma City, OK 73120. Its mailing address is PO Box 26210, Oklahoma City, OK 73126. Defendant's registered agent for service of process is C T Corporation System, with a street address of 7700 E Arapahoe Rd., Ste. 220, Centennial, CO 80112.

8. Love's operates a chain of multi-purpose convenience stores, truck stops, and gas stations catering to truck drivers and motorists across the country. Love's has over 530 locations in 41 states.

9. At all times material to this action, Defendant has been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume in excess of $500,000. At all times material herein, Defendant has actively been conducting business in Colorado.

10. Defendant is, and at all times material has been, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## **FACTS**

11. Plaintiff Kendall has worked as an hourly-paid inventory management coordinator in the grocery store of Defendant's Grand Junction location for the past five years. Her primary responsibility is maintaining the store's inventory.

12. At all times relevant to the complaint, Plaintiff Kendall was regularly scheduled to work and did work five eight-hour shifts per week, Monday through Friday, totaling 40 regularly scheduled hours.

13. From approximately January 2018 to November 2018, Plaintiff Kendall's store manager was David Moore.

14. At all times relevant to the complaint, Plaintiff Kendall earned approximately $14.00 per hour. Defendant is in the sole custody of records needed to verify Plaintiff Kendall's hourly wage.

15. Beginning around January of 2018 and ending around November 2018, Defendant assigned Plaintiff Kendall the job of preparing fruit cups for Defendant outside of her regularly scheduled shifts. Defendant did not pay Plaintiff Kendall for the time she spent preparing fruit cups off the clock. In total, Plaintiff Kendall worked approximately 1,300 unpaid overtime hours during this time period.

16. Preparing fruit cups is time and labor intensive. Outside of her regularly scheduled hours, Plaintiff Kendall would travel to three different grocery stores to purchase the best quality fruit at the cheapest price. She would then return to the workplace to wash the fruit, slice it, and pack it for sale in individual plastic cups. She would also label each cup and stock them in preparation for sale. Although the precise preparation process varied from day to day, Plaintiff

Kendall would regularly work around 5 additional hours each day preparing fruit cups, after the end of her scheduled shifts, as well as many weekend days where she was not otherwise scheduled to work.

17. Because she was regularly scheduled for 40 hours each week, and regularly did work her scheduled shifts, all of these unpaid hours were hours over 40 in a workweek. As such, during all times relevant to the complaint, Plaintiff Kendall routinely worked an additional 20 to 35 overtime hours each week without pay.

18. Defendant suffered or permitted Plaintiff Kendall to perform the work preparing fruit cups without pay. Indeed, Mr. Moore, her supervisor, explicitly approved of Plaintiff Kendall preparing the fruit cups off the clock for 20 to 35 hours each week without pay.

19. Upper-level managers at Love's also knew that Plaintiff Kendall had worked extensively off the clock without pay. Specifically, district manager Casey Ruiz discovered that Mr. Moore was directing Plaintiff Kendall to prepare fruit cups off the clock and without pay when he was investigating a different violation of wage laws whereby Mr. Moore was only partially compensating Plaintiff Kendall for working double shifts.

20. Upon information and belief, after learning of these wage and hour violations, Defendant fired Mr. Moore and hired a new store manager, Jake Christie.

21. Mr. Ruiz ultimately discussed the overtime violations with Mr. Christie. Mr. Christie sent an email to Mr. Ruiz on December 27, 2018, acknowledging that Plaintiff Kendall worked an estimated 771 hours off the clock preparing fruit cups. A copy of that email is attached to this complaint as Exhibit B.

22. Despite the fact that Mr. Moore, Mr. Christie, and Mr. Ruiz knew that Plaintiff Kendall had performed hundreds of hours of work without pay preparing fruit, Defendant failed

to compensate Plaintiff Kendall for all of these hours worked over 40 at a rate of one and one-half times her regular rate of pay. In fact, Defendant did not compensate Plaintiff Kendall at all for the additional 20 to 35 hours she spent each week cutting fruit.

23. Defendant's pay violations were willful.

## COUNT I

### FAILURE TO PAY OVERTIME IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)

24. Plaintiff hereby incorporates by reference all previous paragraphs in their entirety and restates them herein.

25. At all times material herein, during those workweeks in which Plaintiff Kendall worked in excess of 40 hours in a workweek, she has performed work activities without compensation at one and one-half times her regular rate of pay. Accordingly, as a result of these pay practices, Defendant has failed to provide Plaintiff Kendall with the rights and protections provided under Section 7(a) of the FLSA, 29 U.S.C. § 207(a).

26. Section 207 of the FLSA requires the payment of overtime compensation at the rate of one and one-half times an employee's regular rate of pay for all hours the employee is suffered or permitted to work in excess of 40 hours per week. Defendant has failed to comply with the overtime pay requirements of the FLSA by failing to compensate Plaintiff Kendall for work that she has been suffered or permitted to perform in excess of 40 hours in a workweek.

27. Defendant's violations of the FLSA were willful and in bad faith.

28. Pursuant to 29 U.S.C. § 216(b), Plaintiff Kendall is entitled to recover backpay damages and liquidated damages in an amount equal to their backpay damages, plus attorneys' fees and costs.

29. As a result of the Defendant's willful and purposeful violations of the FLSA, there has become due and owing to Plaintiff Kendall an amount to be precisely determined at trial. Although records may not accurately reflect Plaintiff Kendall's off the clock work, the employment and work records for Plaintiff Kendall are in the exclusive possession, custody and control of the Defendant. Accordingly, Plaintiff Kendall is unable to state at this time the exact amount owing to her. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiff Kendall from which the amount of Defendant's liability can be ascertained in part.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kendall hereby prays that this Court:

(a) Enter judgment declaring that the Defendant has willfully and wrongfully violated its statutory obligations under the FLSA and deprived Plaintiff Kendall of her rights under the FLSA;

(b) Order a complete and accurate accounting of all the compensation to which the Plaintiff Kendall is entitled;

(c) Award Plaintiff Kendall backpay equal to the unpaid overtime compensation owed for work performed during the past three years;

(d) Award Plaintiff Kendall liquidated damages equal to her unpaid overtime compensation;

(e) Award Plaintiff Kendall her reasonable attorneys' fees to be paid by the Defendant, as well as the costs and disbursements of this action; and

(f) Grant such other relief as may be just and proper.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Kendall hereby demands that her claims be tried before a jury.

Respectfully submitted,

*/s/ Sara L. Faulman*
Sara L. Faulman
Ryan C. Cowdin
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone: (202) 833-8855
E-mail: slf@mselaborlaw.com
E-mail: rcc@mselaborlaw.com

*Attorneys for Plaintiff*